UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **BROWN LUMBER AND BUILDING SUPPLY, INC.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**BLUETARP FINANCIAL, INC.,**<br><br>    Defendant. | Case No.: **2:18-cv-173-JDL** |

**FINAL APPROVAL ORDER AND JUDGMENT**

WHEREAS, an action is pending before the Court entitled *Brown Lumber and Building Supply, Inc. v. BlueTarp Financial, Inc.*, Case No. 2:18-cv-1173 (the "Action");

WHEREAS, the Plaintiff and the Defendant in the Action have entered into a settlement agreement ("Settlement Agreement") [Dkt. 23-1] intended to resolve the Action on a global basis;

WHEREAS, the Settlement Agreement, together with supporting materials (collectively, the "Settlement"), sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Action;

WHEREAS, the Court previously granted Plaintiff's Motion for Preliminary Approval of Settlement [Dkt. 24];

WHEREAS, Plaintiff has moved, pursuant to Federal Rule of Civil Procedure 23, for an order finally approving the class settlement of this action in accordance with the Settlement Agreement , certifying a settlement class, approving Plaintiff's request for a service award, and approving counsel's request for attorneys' fees and costs, and Defendant does not oppose Plaintiff's motion; and

WHEREAS, the Court has considered all papers filed and conducted a hearing on the motion on June 24, 2019.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Final Approval Order and Judgment ("Final Judgment"), capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and parties to this proceeding, including all Settlement Class Members, pursuant to 28 U.S.C. § 1332(d).

3. Venue is proper in this District.

*Notice to Class Members*

4. As set forth in the declaration of Rust Consulting, the distribution of notice by mail and email to each individual class member was completed consistent with the Preliminary Approval Order. [Dkt. 24]. The notice itself contains all of the information required by Rule 23(c)(3). The email and direct mail notice provided was the best notice practicable under the circumstances and satisfied the requirements of Federal Rule of Civil Procedure 23 and due process.

5. The class administrator received zero opt-outs and zero objections.

*The Settlement is Fair, Reasonable, and Adequate to Settlement Class Members*

6. Having considered all of the requirements of Rule 23(e), the Court concludes that the settlement provided for by the Settlement Agreement is in all respects fair, reasonable, and adequate to all Settlement Class Members. The Court specifically concludes that there is no evidence of fraud or collusion in reaching the settlement; the complexity of the case and the likely substantial expense and duration of continued proceedings favors settlement; Class Counsel has obtained substantial information and well understands the legal issues and evidence necessary to

assess the fairness of the settlement; the parties sharply dispute the merits and Plaintiff faces substantial uncertainty in the case; the recovery of $600,000 of the sought benefits, less costs of administration, attorneys' fees, and expenses is a reasonable compromise; Class Counsel and the named Plaintiff support the settlement; and absent class members have indicated their support by not opting-out or objecting.  The settlement is therefore approved.

*Certification of Settlement Class*

7. The Court finds, for settlement purposes, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of class members is so numerous that joinder of all members of the class is impracticable; (b) there are questions of law and fact common to each member of the class; (c) the claims of the class representative are typical of the claims of the class it seeks to represent; (d) the class representative fairly and adequately represents the interests of the class; (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8. Accordingly, the Court certifies for the purpose of settlement the following nationwide class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> The Dealers identified in Exhibit C to the Settlement Agreement, which represents all Dealers other than Dealers excluded below that, between April 26, 2012, and the date of Preliminary Approval had Unrefunded Discount Fees as defined in the Settlement Agreement.
>
> Excluded from this Settlement Class are (1) BlueTarp, any entity or division in which BlueTarp has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the judge to whom this case is assigned and any member of the judge's staff; (3) all individuals and entities who submit timely and valid requests to be excluded from the Settlement Class pursuant to the terms of this Settlement Agreement and the Court's Preliminary Approval Order; and (4) Dealers that executed releases of claims against BlueTarp related to Unrefunded Discount Fees prior to the Effective Date.

*Class Counsel, Attorney's Fees, & Service Award*

9.  The Court finds that Plaintiffs' Counsel satisfy the requirements of Rule 23(g) and hereby appoints the following counsel as Class Counsel:

J. Bradley Ponder
Luke Montgomery
MONTGOMERY PONDER LLC
2226 1st Ave. South, Suite 105
Birmingham, AL 35233
(205) 201-0303
brad@montgomeryponder.com
luke@montgomeryponder.com

Richard L. O'Meara
MURRAY, PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, ME 04104-9785
(207) 773-5651
romeara@mpmlaw.com

10.  The Court finds that the Class Representative's willingness to file and participate in this lawsuit resulted in a settlement that provides significant relief to the Settlement Class. The application by the Class Representative for a service award in the amount of $7,500 is granted.

11.  The application by Class Counsel for reasonable attorneys' fees and expenses is granted.

12.  The Court finds that Class Counsel's request for attorney's fees in the amount of 1/3 of the Settlement Amount and for expenses in the amount of $4,630.83 is reasonable. The Settlement Agreement provides cash and non-cash relief for the class members and future customers of Defendant. Class Counsel accepted and prosecuted this case on a contingent fee basis and undertook representation of Plaintiff and the putative class with no guarantee of recovery. Furthermore, the prosecution of this case precluded Class Counsel from accepting and working on

other matters. To date, Class Counsel has not been compensated for any of their efforts or reimbursed for their expenses. Additionally, there were no objections to Class Counsel's request for attorney's fees.

13. The Court finds that awarding an attorney's fee based on the percentage of fund is appropriate in this case. Furthermore, a one-third contingency fee rate, which accounts for the risk of nonpayment and reflects the normal rate of compensation in the market, would most accurately compensate class counsel for their legal services at an appropriate market rate.

*Distribution of Settlement Funds*

14. The Parties and the Class Administrator are directed to distribute monies as provided in Section 9 of the Settlement Agreement, which states as follows:

> **9. DISTRIBUTION OF MONIES**
>
> 9.1 Within forty-five (45) days after the Effective Date, the Settlement Administrator shall pay to each Settlement Class Member its *pro rata* share of the Settlement Amount (less attorneys' fees and/or incentive awards ordered by the Court, as provided in Paragraphs 4.4 and 4.6 of this Agreement, as well as costs of notice and costs of administration), pursuant to Paragraph 4.2 of this Agreement.
>
> 9.2. Within fifteen (15) days after the Effective Date, BlueTarp shall pay directly to Class Counsel all attorneys' fees and expenses awarded to Class Counsel by the Court.
>
> 9.3 Within fifteen (15) days after the Effective Date, BlueTarp shall pay directly to Brown Lumber any incentive award awarded to Brown Lumber by the Court.
>
> 9.6 Within one hundred and twenty (120) days after the Effective Date, the Settlement Administrator shall determine the amount of unclaimed or unallocated

{W7283733.1}

funds existing, if any.  As soon as practicable thereafter, the Settlement Administrator shall distribute any such funds as provided in Paragraph 5.3 of this Agreement.

9.7    No Settlement Class Member shall have any claim against Class Counsel, the Settlement Administrator, Released Parties' counsel, or Released Parties based upon any distribution made substantially in accordance with this Agreement or further orders of the Court.

15.    Class Administrator estimates that the total cost of administration will be approximately $40,700.

### *Final Judgment and Release*

16.    Releasing Parties shall be barred from asserting any Released Claims against the Released Parties. The Releasing Parties shall be conclusively deemed to have fully and irrevocably released and forever discharged (as by an instrument under seal without further act by any person, and upon good and sufficient consideration) the Released Parties from any and all past, present, or future claims, actions, causes of action, rights or liabilities, known or unknown, based on, arising out of, or in any way relating to the subject matter of the Litigation, including BlueTarp's alleged failure to provide a Discount Fee Credit to its clients ("Dealers") after Dealers' customers returned purchased supplies.

### *Other Provisions*

17.    Nothing in this Final Approval Order and Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by BlueTarp Financial, Inc. or any party of any fault, liability, or wrongdoing of any kind whatsoever.

18.    All necessary notices have been provided pursuant to 28 U.S.C. § 1715.

19. This action is hereby dismissed with prejudice and without taxable costs to the parties.

20. Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over implementation of the settlement, disposition of the Settlement Amount, and enforcement and administration of the Settlement Agreement.

**SO ORDERED.**

Dated: July 3, 2019

                                            /s/ **Jon D. Levy**
                                     **CHIEF U.S. DISTRICT JUDGE**